JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MITCHELL,<br><br>    Petitioner,<br><br>v.<br><br>J. LOZANO, Warden,<br><br>    Respondent. | Case No. CV 21-2535 JGB (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses this habeas corpus action for lack of habeas jurisdiction and failure to state a cognizable claim.

\* \* \*

1. In 1999, Petitioner was convicted in state court of murder and other charges. He was sentenced to life in prison without the possibility of parole. (Docket # 1 at 2.) According to an attachment to the petition filed in this Court, Petitioner was 18 years old at the time of the offense. (Id. at 14.)

2. In the habeas corpus petition filed in this action, Petitioner contends that he is entitled to – but has failed to receive – a "youthful offender parole hearing" pursuant to California Penal Code section 3051. Petitioner argues that the failure to provide him with this hearing (while other inmates receive them) violates the Equal Protection Clause of the Fourteenth Amendment. (Id. at 5.)

3. The Attorney General moved to dismiss the action. The gist of the Attorney General's motion is that a favorable result on Petitioner's equal protection argument will not lead directly to his release from custody; all he will obtain is a future parole hearing. (Docket # 9 at 3.) As a result, the Attorney General contends that this case does not fall within "the core of habeas" and must be dismissed. Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

* * *

4. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

* * *

5. The Attorney General is correct: Petitioner cannot pursue his "youthful offender parole hearing" claim in this federal habeas action. Habeas corpus relief is available in federal court only if success on the claim would "necessarily lead to immediate or speedier release" from

custody.  Nettles, 830 F.3d at 934.  If a further event (such as the outcome of a future parole hearing) could separately prevent an earlier release from prison, the claim "falls outside of the core of habeas corpus."  Id. at 935.

6. The decision as to whether or when to schedule a parole hearing also is not cognizable in a federal habeas action.  Gordon v. Premo, 757 Fed. App'x 627, 628 (9th Cir. 2019) ("The relief requested by Gordon would merely switch him from a ten-year parole review cycle back to a two-year cycle[. T]his court lacks jurisdiction over his § 2254 petition.").

7. In the specific context of habeas claims regarding youthful offender hearings under Penal Code section 3051, a myriad of decisions make clear that federal courts do not have jurisdiction of such actions.  See, e.g., Yeron v. Koenig, No. CV 20-9140 RGK (MAA), 2021 WL 1970030 at *4 n.7 (C.D. Cal. 2021) ("To the extent Petitioner also is attempting to raise a claim that he is entitled to a youth[ful] offender parole hearing[,] this claim also cannot be raised in these Section 2254 proceedings"; citing Nettles); Johnson v. Lozano, No. CV 19-8411 JVS (AFM), 2020 WL 959253 at *2 (C.D. Cal. 2020) ("A judgment in Petitioner's favor, however, would only entitle him to a [youthful offender] parole hearing[.]  Petitioner still would not be entitled to immediate release or a shorter prison stay."); Woods v. Matzen, No. CV 17-5750 DMG (RAO), 2018 WL 2670679 at *6 (C.D. Cal. 2018) (same).[1]

8. Petitioner's opposition brief focuses on a state court decision regarding the scope and alleged applicability of Section 3051 to his

---

[1] Petitioner's submission suggests that he actually wishes to pursue a state court remand of his criminal case pursuant to People v. Franklin, 63 Cal. 4th 261 (2016), to "make a record of information relevant to his eventual youth offender parole hearing."  (Docket # 1 at 17, 21.)  If so, then federal habeas proceedings are still inappropriate.  Coates v. Bloomfield, No. ED CV 20-2507 DSF (AFM), 2021 WL 1214521 at *5 (C.D. Cal. 2021) (claim for "an opportunity to create a record under Franklin" was "not cognizable on federal habeas" per Nettles).

3

situation. (Docket # 11 (citing People v. Edwards, 35 Cal. App. 5th 183 (2019)).) However, he offers no meaningful response to the Attorney General's assertion regarding this Court's lack of habeas jurisdiction.

\* \* \*

9. Petitioner has not asserted a cognizable claim for which this Court has habeas jurisdiction. Nettles, 830 F.3d at 934-35. The action must be dismissed.[2]

Therefore, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: July 13, 2021

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the Court has discretion to convert a habeas petition into a civil rights complaint, it declines to do so here. Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (superceded by statute on other grounds). The petition is too vague in identifying any culpable tortfeasor, and does not adequately set forth all elements of a violation of federal law. Moreover, Petitioner would be liable for a considerably higher filing fee should the Court automatically convert the petition to a civil complaint.

4